**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2075
_____

UNITED STATES OF AMERICA

v.

STEVEN D. BRINSON,
                          Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(District Court No. 3-22-cr-00396-001)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on August 19, 2024
_____

Before:  KRAUSE, PORTER, and CHUNG, Circuit Judges

(Filed: September 12, 2024)
_____

OPINION[1]
_____

**CHUNG**, Circuit Judge.

Steven Brinson challenges his conviction under 18 U.S.C. § 922(g)(1), arguing

that the statute is unconstitutional as applied to him under our precedent in Range v.

_____

[1]     This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Attorney General, 69 F.4th 96 (3d Cir. 2023) (en banc), cert. granted, judgment vacated sub nom. Garland v. Range, No. 23-374, 2024 WL 3259661 (U.S. July 2, 2024), and the Supreme Court's decision in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022). Since there was no plain error, we will affirm.

In February 2023, Brinson pleaded guilty to one count of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).[2] The underlying convictions for this charge were four 2010 convictions for two different drug-related felonies.[3] The District Court sentenced Brinson to 24 months' imprisonment followed by a term of three years of supervised release. After his sentencing, our Court, sitting en banc, issued Range, in which we applied the "history and tradition" test for Second Amendment challenges established in Bruen and held that § 922(g)(1) was unconstitutional as applied to the individual in that case. 69 F.4th at 101, 106. Brinson appealed his conviction shortly after, arguing that § 922(g)(1) violates the Second Amendment as applied to him.[4]

Since Brinson "did not raise his Second Amendment challenge before the District Court, we review for plain error." United States v. Dorsey, 105 F.4th 526, 528 (3d Cir.

---

[2]  Section 922(g)(1) makes it "unlawful for any person … who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1).

[3]  According to the Presentence Investigation Report, Brinson was charged with selling cocaine to an individual on two separate occasions in 2008. He was convicted in 2010 of two counts of third-degree criminal possession of a controlled substance and two counts of third-degree criminal sale of a controlled substance.

[4]  The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

2

2024).  To demonstrate that plain error occurred, "an appellant must … show (1) a legal error (2) that is plain and (3) that has affected his substantial rights."  Id. (citing United States v. Olano, 507 U.S. 725, 732–33 (1993)).[5]  An error is plain if it is "clear or obvious, rather than subject to reasonable dispute," Puckett v. United States, 556 U.S. 129, 135, (2009), and purported error is "evaluated based on the state of the law while the case under review is on appeal," Dorsey, 105 F.4th at 530 (citing United States v. Henderson, 64 F.4th 111, 120 (3d Cir. 2023)).

Brinson argued in his opening brief that Range and Bruen govern the state of the law on this issue.  While this appeal has been pending, however, the Supreme Court vacated and remanded our decision in Range "for further consideration in light of" its decision in United States v. Rahimi, 144 S. Ct. 1889 (2024).  Garland v. Range, No. 23-374, 2024 WL 3259661 (U.S. July 2, 2024).  Therefore, Brinson's ability to rely on that case is an open question until Range is reconsidered by our Court.

Having set forth the current state of the law, we now turn to the merits of Brinson's claim.  Brinson cannot show it is plainly obvious that his conviction under § 922(g)(1) is unconstitutional as applied to him.  In District of Columbia v. Heller, after concluding that there is a right to bear arms within the home, the Supreme Court stated that nothing in its opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" 554 U.S. 570, 626 (2008).  Though this was dicta,

---

[5]     If these conditions are met, we would exercise discretion to correct the error only if it would "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal citations and quotations omitted).

the Supreme Court has reiterated this point on multiple occasions. See, e.g., McDonald v. City of Chicago, Ill., 561 U.S. 742, 786 (2010) Bruen, 597 U.S. at 80–81 (Kavanaugh, J., concurring., joined by Roberts, C.J., concurring). Moreover, there is no binding precedent from this Court (in the absence of Range) that § 922(g)(1) unconstitutionally burdens a Second Amendment right either facially or as applied to a particular defendant under the Bruen framework[6] and the Supreme Court in Rahimi chose not to answer this question. Rahimi, 144 S. Ct. at 1902–03 (noting Heller's statement that prohibitions on possession of firearms by felons are presumptively lawful but concluding only that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment" under § 922(g)(8)).

Given the presumptively constitutional "longstanding prohibitions on the possession of firearms by felons," and the absence of a binding decision from the Supreme Court or our Court to the contrary, Brinson fails to establish that there can be no "reasonable dispute," Puckett, 556 U.S. at 135, that disarming him, an individual who falls within that felon status, is unconstitutional. Thus, we conclude Brinson's conviction pursuant to § 922(g)(1) was not plain error. We will affirm.

---

[6]     Though we previously determined that § 922(g)(1) was unconstitutional as applied to the defendants in Binderup v. Attorney General, 836 F.3d 336 (3d Cir. 2016) (en banc), we reached that conclusion by using a means-ends scrutiny test that has been replaced by the "history and tradition" test set forth in Bruen. See Range, 69 F.4th at 101.